**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WAADEW AYSISAYH,

    Petitioner,

-vs-                                                               Case No.  8:06-CV-361-T-30MAP

JAMES R. McDONOUGH,
Interim Sec., Florida Dep't of Corrs.,

    Respondent.
_____/

## ORDER

This matter comes before the Court upon receipt of Petitioner's Notice of Appeal of the April 4, 2006 decision denying his petition for relief under 28 U.S.C. § 2254 (Dkt. 6) and Affidavit to Proceed *In Formal [sic] Pauperis* on appeal (Dkt. 8).  The Court construes the Notice of Appeal as an application for issuance of a certificate of appealability pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253.[2]  *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).

A review of the Court's files revealed that Petitioner had previously sought federal habeas relief in this Court. Petitioner failed to show that he obtained an order from the court of appeals authorizing this Court to consider his petition prior to initiating this action. *See*

---

[1]"Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[2]"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

*Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). *See* 28 U.S.C. § 2244(b)(3). The petition was, therefore, dismissed, and Petitioner was provided a copy of the Eleventh Circuit's form for seeking leave to file a second or successive habeas corpus petition under 28 U.S.C. § 2244(b).

When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling to obtain a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Because Petitioner has not demonstrated that he complied with the requirements of 28 U.S.C. § 2244(b)(3) before filing his petition, he has failed to satisfy the second prong of the *Slack* test. 529 U.S. at 484. Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

ACCORDINGLY, the Court **ORDERS** that**:**

1. Petitioner's Notice of Appeal (Dkt. 6), which the Court has construed as an application for issuance of a certificate of appealability (Dkt. 7), is **DENIED**.

2. The request to proceed on appeal *in forma pauperis* (Dkt. 8) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 7, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
Petitioner *pro se*
SA:jsh